JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, the state of Ohio ("the state"), appeals from the decision of the Cuyahoga County Court of Common Pleas that classified appellee, Paul Pumerano ("Pumerano"), as a sexually oriented offender. For the reasons stated below, we affirm in part, reverse in part, and remand.
 {¶ 2} In 1987, Pumerano was convicted of rape and sentenced to a prison term of 10 to 25 years. The defendant served 16 years for the offense and was paroled in 2003. A sexual offender classification hearing was held in August 2004.
 {¶ 3} At the hearing, the trial court indicated for the record that there was no presentence investigation report for this offense. The facts of the case were discussed. Pumerano raped a 22-year-old neighbor when he was a 20-year-old. He knocked on her door, and she answered, dressed in a flannel nightgown with a blanket wrapped around her. At some point, Pumerano attempted to touch the victim by reaching under the blanket. The victim pushed him away, told him to get out, and began screaming. Pumerano put his hand over the victim's mouth and nose, pushed her to the floor, tore her clothes off, and raped her. During the incident, the victim was unable to breathe and Pumerano was banging her head on the floor. Pumerano's prior record included three juvenile placements, a conviction for misdemeanor petty theft in 1986, and a conviction for breaking and entering in 1987. Pumerano was also involved in another incident involving a 12-year-old girl in 1987. However, that incident was not reported until 1989. Pumerano ultimately pled guilty to gross sexual imposition with respect to that incident. The court psychiatric report indicated Pumerano described the sexual offenses as making passes at the victims. Pumerano also admitted as part of his antisocial personality disorder that he was manipulative and dishonest.
 {¶ 4} Pumerano completed five separate mental health or sex offender classes, completed several drug programs and various other programs offered, obtained his GED, and enrolled in college courses. At the time of his release, Pumerano was approximately 35 years old. Pumerano was rated at a moderate to low risk for sexual recidivism.
 {¶ 5} At the conclusion of the hearing, the trial court classified Pumerano as a sexually oriented offender. The state has appealed this determination, raising two assignments of error for our review. The state's first assignment of error provides:
 {¶ 6} "I: Whether the trial court erred in failing to make the required entries in adjudicating that appellee is not a sexual predator."
 {¶ 7} As an initial matter, Pumerano claims that the state has no right to bring this appeal, since the state is not claiming the trial court erred in failing to classify Pumerano as a sexual predator. In support of this argument, Pumerano asserts R.C. 2950.09(B)(4) only provides the state with the right to appeal as a matter of right "the court's determination * * * as to whether the offender * * * is, or is not, a sexual predator." We find no merit to this argument.
 {¶ 8} The Supreme Court of Ohio has held that sexual offender classification hearings under R.C. 2950.09(B) are civil in nature. Statev. Gowdy, 88 Ohio St.3d 387, 398, 2000-Ohio-355, citing State v. Cook
(1998), 83 Ohio St.3d 404, 423. As a result, an appeal of right is warranted under R.C. 2505.02. State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353.
 {¶ 9} R.C. 2505.02(B) provides for review of a final order that affects a substantial right made in a special proceeding. R.C.2505.02(A)(2) defines a special proceeding as an action or proceeding that is specially created by statute. Because sexual predator determination hearings were specifically created by R.C. 2950.09, they are special proceedings. State v. Philpott, 147 Ohio App.3d 505, 508,2002-Ohio-808. Further, the Ohio General Assembly has determined that a substantial right is affected by a sexual predator proceeding when a judge makes a determination whether the offender is, "or is not," a sexual predator. Id.
 {¶ 10} In this case, the trial court made the determination that Pumerano was not a sexual predator and classified him as a sexually oriented offender. This determination affected a substantial right and was made in a special proceeding. Pursuant to R.C. 2505.02, the state has a right to appeal.
 {¶ 11} We next consider the assignment of error. The state's only argument is that the trial court failed to set forth in its journal entry its reasons for concluding Pumerano was not a sexual predator. The state has failed to appeal the trial court's actual determination not to classify Pumerano as a sexual predator. Further, as discussed under the second assignment of error, the only challenge to the actual classification made by the state is that Pumerano should have been labeled a habitual sex offender. At no point does the state claim the trial court should have classified Pumerano as a sexual predator. Consequently, the only issue before the court under the first assignment of error is whether the trial court issued a proper journal entry.
 {¶ 12} R.C. 2950.09(C)(2)(c)(I) provides:
"If the court determines that the offender is not a sexual predator andthat the offender previously has not been convicted of or pleaded guiltyto a sexually oriented offense other than the offense in relation towhich the hearing is being conducted and previously has not beenconvicted of or pleaded guilty to a child-victim oriented offense, itshall include in the offender's institutional record its determinationsand the reason or reasons why it determined that the offender is not asexual predator."
 {¶ 13} Nothing in this section requires that findings be made in the court's journal entry. Rather, this section specifically requires the court to include its determinations and reasons in the offender's institutional record.[1] This court has not been provided with any evidence establishing that the institutional record is deficient.
 {¶ 14} The state's first assignment of error is overruled.
 {¶ 15} The state's second assignment of error provides:
 {¶ 16} "II: Whether the trial court erred when it failed to classify appellee as a habitual sexual offender."
 {¶ 17} The state argues that Pumerano should have been classified as a habitual sex offender, since he had committed a second sexually oriented offense prior to the classification hearing. Under R.C. 2950.01(B), a "habitual sex offender" is defined as one who is convicted of or pleads guilty to a sexually oriented offense and "previously was convicted of or pleaded guilty to one or more sexually oriented offenses * * *." (Emphasis added.) Also, R.C. 2950.09(C)(2)(c) requires that if the trial court determines the offender is not a sexual predator, the court is "to determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted." (Emphasis added.) If a determination is made in the affirmative, then the court must proceed to classify the offender as a habitual sex offender and follow the requirements of R.C. 2950.09(C)(2)(c)(ii).
 {¶ 18} Pumerano claims that "previously" must be read to require the second offense to have been committed before the subject offense, otherwise, the word would be mere surplusage in the statute. We disagree.
 {¶ 19} Prior to January 1, 1997, R.C. 2950.01 provided: "(A) `Habitual sex offender' includes any person who is convicted two or more times, in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section." In an effort to protect the public, the General Assembly repealed and reenacted Ohio's sex offender registration statute. State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428, citing Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560 ("H.B. 180"). The General Assembly concluded that "sexual predators and habitual sex offenders pose a high risk of engaging in further offenses even after being released from imprisonment." Id., quoting R.C. 2950.02(A)(2). Thus, H.B. 180 imposed more stringent sex offender classification, registration, and notification provisions under Chapter 2950. Id. R.C.2950.01 was amended as set forth above and now uses the term "previously" without specification as to whether previously means to the classification hearing or to conviction of the subject offense.
 {¶ 20} With the above history in mind, we do not believe the General Assembly intended that a person may be deemed a habitual sex offender only when the previous offense was committed prior to the offense that is the subject of the classification hearing. Rather, with the paramount governmental interest in protecting the public from repeat offenders, logic would dictate that an offender who has committed a previous offense, prior to the classification hearing, should be classified as a habitual sex offender.
 {¶ 21} In this case, because Pumerano had a previous conviction of a sexually oriented offense, other than the subject offense and prior to the classification hearing, the trial court should have classified him as a habitual sex offender and followed the requirements of R.C.2950.09(C)(2)(c)(ii). The state's second assignment of error is sustained.
Judgment affirmed in part, reversed in part, and remanded.
This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., Concur.
[1] In effect, the state's remedy is to challenge the trial court's failure to classify the offender as a sexual predator, not the wording of the resulting journal entry.