JOURNAL ENTRY AND OPINION
{¶ 1} Appellee, Alonzo Todd, pleaded guilty, in two separate cases, to rape. The common pleas court, criminal division, sentenced him on both cases at the same sentencing hearing and ordered that the sentences be served consecutively. Upon a sexual offender classification hearing pursuant to R.C. 2950.09 as to both convictions, appellee was classified as a sexually oriented offender under the statute. For the reasons that follow, we reverse the decision of the trial court and sustain the state's sole assignment of error.
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO CLASSIFY APPELLEE AS A HABITUAL SEXUAL OFFENDER."
 {¶ 3} The state argues that the trial court erred by failing to classify appellant a "habitual sexual offender," pursuant to R.C. 2950.01(C)(2), which states in pertinent part:
 {¶ 4} "[The Court] shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted."
 {¶ 5} If a determination is made in the affirmative, then the court must proceed to classify the offender as a habitual sex offender and follow the requirements of R.C.2950.09(C)(2)(c)(ii). State v. Pumerano, Cuyahoga App. No. 85146, 2005-Ohio-2833, ¶ 17.
 {¶ 6} This court has recently determined that with the paramount governmental interest in protecting the public from repeat offenders, logic would dictate that an offender who has committed a previous offense, prior to the classification hearing, should be classified as a habitual sex offender.Pumerano, 2005-Ohio-2833, ¶ 20.
 {¶ 7} In the instant case, the appellee was sentenced for both of his sexually oriented offenses at the same hearing, and a single classification hearing was held as to both crimes. The trial court determined that neither offense could be considered a "previous" offense for purposes of the classification statute because a single sentencing hearing was held for both convictions; however, these cases were never consolidated or merged. Each offense had its own victim and was committed on a different date. Each offense would therefore serve as a "previous offense" to the other conviction, and both crimes were committed prior to the classification hearing.
 {¶ 8} Therefore, because appellee had a previous conviction of a sexually oriented offense, other than the subject offense, prior to the classification hearing, the trial court erred in failing to classify him as a habitual sexual offender and in failing to follow the requirements of R.C. 2950.09(C)(2)(c)(ii). The state's assignment of error is sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.