JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to R.C. 2950.09(B)(4) and R.C. 2505.02, the State of Ohio appeals as a matter of right the trial court's determination that defendant Jesse L. Hogue is a sexually oriented offender rather than a sexual predator. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} The record reflects that on November 7, 1979, defendant was indicted in Case No. 50529 in connection with incidents involving six female victims. Defendant was charged with six counts of kidnapping (in violation of R.C. 2905.01), twelve counts of rape (in violation of R.C.2907.02), two counts of gross sexual imposition (in violation of R.C.2907.05), and four counts of aggravated robbery (in violation of R.C. 11.01).
 {¶ 3} The record further reflects that on December 5, 1979, defendant was indicted in Case No. 51981 in connection with an incident involving another female victim, and was charged with two counts of rape (in violation of R.C. 2907.02), one count of aggravated robbery (in violation of R.C. 2911.01), and one count of receiving stolen property (in violation of R.C. 2913.51).
 {¶ 4} On February 20, 1980, defendant pled guilty to five counts of rape in Case No. 50529, and one count of rape in Case No. 51981. The remaining counts were dismissed and defendant was sentenced to a term of seven to twenty-five years on each count.
 {¶ 5} A sexual predator classification hearing was held in Case No. 50529 on December 7, 2004.
 {¶ 6} The state submitted journal entries prepared in both Case No. 50529 which involved five victims and Case No. 51981 which involved one victim. The state also noted that defendant requested sex offender rehabilitation while incarcerated but the institutional record did not reflect the extent of any treatment. The state also noted that defendant was diagnosed as being opiate dependent, in remission, and having a personality disorder with antisocial and avoidance traits. Further, the state noted that defendant had minimized his conduct by claiming that there were only three victims, and also noted that after police determined defendant's identity in the earlier incidents, he, by his own admission, "went ahead raping people because [he] was going to jail anyway." (Tr. 17). The state also noted that defendant acted with cruelty and threats of cruelty by threatening to kill or beating the women and raping them in front of each other. Finally, the state indicated that results of a Static 99 evaluation, prepared in connection with Case No. 50529 indicated that defendant had a 12% likelihood of re-offending within five years, 14% within ten years, and 19% within fifteen years.
 {¶ 7} In opposition, defense counsel noted that the offenses occurred twenty-five years earlier, that since his release from prison, defendant had not resumed drug use, and that overall, he presented a low risk for re-offending.
 {¶ 8} The trial court concluded that it could not determine by clear and convincing evidence that defendant would re-offend and therefore concluded that defendant would not be classified as a sexual predator. The court further concluded that because the pleas in the two separate case numbers had been entered on the same date, defendant could not be found to have had a previous conviction for a sexually oriented offense and therefore could not be classified as a habitual sex offender. The court then classified defendant as a sexually oriented offender. The state now appeals and assigns two errors for our review.
 {¶ 9} The state's first assignment of error states as follows: {¶10} "The trial court erred in failing to make the required entries in adjudicating that appellee is not a sexual predator."
 {¶ 11} Within this assignment of error, the state asserts that the trial court did not meet the requirements of R.C. 2950.09(C)(2)(c)(2)(i) because it failed to include its reason or reasons explaining why it did not find defendant to be a sexual predator.
 {¶ 12} R.C. 2950.09(C)(2)(c)(i) provides:
 {¶ 13} "If the court determines that the offender is not a sexual predator and that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted and previously has not been convicted of or pleaded guilty to a child-victim oriented offense, it shall include in the offender's institutional record its determinations and the reason or reasons why it determined that the offender is not a sexual predator."
 {¶ 14} In State v. Pumerano, Cuyahoga App. No. 85146, 2005-Ohio-2833, this court held that R.C. 2950.09(C)(2)(c)(i) requires the explanation to be set forth within the institutional record and not the court's journal entry. The Pumerano Court stated:
 {¶ 15} "Nothing in this section requires that findings be made in the court's journal entry. Rather, this section specifically requires the court to include its determinations and reasons in the offender's institutional record. This court has not been provided with any evidence establishing that the institutional record is deficient."
 {¶ 16} Accordingly, we conclude that the trial court was not required to set forth its reasons for determining that defendant is not a sexual predator within its journal entry. We further note that we have not been provided with any evidence to demonstrate that the institutional record is deficient in relation to R.C. 2950.09(C)(2)(c)(i).
 {¶ 17} The first assignment of error is without merit.
 {¶ 18} The state's second assignment of error states as follows:
 {¶ 19} "The trial court erred when it failed to classify appellee as a habitual sexual offender."
 {¶ 20} The state asserts that defendant should have been classified as a habitual sex offender, under R.C. 2950.01(B), since he "previously was convicted of or pleaded guilty to one or more sexually oriented offenses * * *," i.e., he committed a second sexually oriented offense prior to the classification hearing. Defendant maintains that the statutory requirement that the defendant was "previously" convicted requires the second offense to have been committed before the subject offense, and in this matter, defendant was not convicted of a sexually oriented offense prior to Case No. 50529, the subject offense.
 {¶ 21} Pursuant to R.C. 2950.01(B), a "habitual sex offender" is defined as one who is convicted of or pleads guilty to a sexually oriented offense and "previously was convicted of or pleaded guilty to one or more sexually oriented offenses * * *." Similarly, R.C.2950.09(C)(2)(c) provides that if the trial court determines the offender is not a sexual predator, the court is "to determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted." If a determination is made in the affirmative, then the court must proceed to classify the offender as a habitual sex offender and follow the requirements of R.C. 2950.09(C)(2)(c)(ii). State v. Pumerano,
supra.
 {¶ 22} In State v. Pumerano, supra, this court held that the term "previously was convicted" is defined in relation to the classification hearing, and not in relation to the subject offense. The court stated:
 {¶ 23} "Prior to January 1, 1997, R.C. 2950.01 provided: `(A) "Habitual sex offender" includes any person who is convicted two or more times, in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section.' In an effort to protect the public, the General Assembly repealed and reenacted Ohio's sex offender registration statute. State v. Williams, 88 Ohio St.3d 513,2000-Ohio-428, 728 N.E.2d 342, citing Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560 (`H.B. 180'). The General Assembly concluded that `sexual predators and habitual sex offenders pose a high risk of engaging in further offenses even after being released from imprisonment.' Id., quoting R.C. 2950.02(A)(2). Thus, H.B. 180 imposed more stringent sex offender classification, registration, and notification provisions under Chapter 2950. Id. R.C. 2950.01 was amended as set forth above and now uses the term `previously' without specification as to whether previously means to the classification hearing or to conviction of the subject offense.
 {¶ 24} "With the above history in mind, we do not believe the General Assembly intended that a person may be deemed a habitual sex offender only when the previous offense was committed prior to the offense that is the subject of the classification hearing. Rather, with the paramount governmental interest in protecting the public from repeat offenders, logic would dictate that an offender who has committed a previous offense, prior to the classification hearing, should be classified as a habitual sex offender."
 {¶ 25} Accord State v. Todd, Cuyahoga App. No. 85401, 2005-Ohio-4136.
 {¶ 26} In accordance with the foregoing, we note that defendant was indicted in two separate cases, involving different victims, and the cases were neither consolidated or merged. Each offense was committed prior to the classification hearing. Accordingly, defendant had a previous conviction of a sexually oriented offense, other than the subject offense and prior to the classification hearing. The trial court therefore should have classified him as a habitual sex offender and followed the requirements of R.C. 2950.09(C)(2)(c)(ii). The state's second assignment of error is sustained.
 {¶ 27} The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., concur.