JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, state of Ohio ("state"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse the case and remand to the lower court.
 I. {¶ 2} According to the facts, defendant-appellee Ralph R. Wilson's ("appellee") prior criminal record includes three sex offenses, as well as a criminal record, which begins when appellee was 17 years old. The record, as found in the presentence investigation report contained in the institutional record, includes the following: possession of a weapon in 1966; a 1974 conviction for attempted felonious assault; a 1977 probation revocation when appellant was convicted in Case No. CR 028942 of rape; conviction in Case No. CR 029937 of rape; conviction in Case No. CR 029861 of rape; and conviction of rape in Case No. CR 029937. In addition, appellant was paroled in 1987 but violated his parole in 1988 for driving while intoxicated and again in 1992, when he was charged with grand theft and breaking and entering. There were additional arrests.
 {¶ 3} According to the case, almost seven years of constitutional challenges and numerous status conferences passed before a H.B. 180 hearing, pursuant to R.C. 2950.09(C), was commenced on March 11, 2004. The sexual predator hearing in the case at bar comprised approximately two days of testimony. The trial court heard from appellee's treating psychiatrist, Dr. Prendergast. Appellee met his doctor weekly during his parole. The court also heard detailed testimony from appellee's parole officer and from Dr. Aronoff, Chief of Psychology of the Cuyahoga County Court Psychiatric Clinic.
 {¶ 4} Because of the protracted legal proceedings in the present case, appellee was released from prison for over two years prior to his hearing. Appellee attended several pretrial hearings before sitting on three different occasions for his sexual predator hearing. He attended a three-hour meeting with Dr. Aronoff so Dr. Aronoff could compile his evaluation. Appellee was classified under a less restrictive category as a sexually oriented offender, and the state then filed this appeal.
 II. {¶ 5} First assignment of error: "The trial court erred by not making the required findings as mandated by R.C. 2950.09(C)(2)(c) and R.C. 2950.09(C)(2)(c)(ii)."
 {¶ 6} Second assignment of error: "The trial court erred by not finding defendant to be a habitual offender where the evidence demonstrated that the defendant had been convicted in two or more cases of sexually oriented offenses."
 {¶ 7} Third assignment of error: "The trial court's adjudication that the appellee is not a sexual predator is against the manifest weight of the evidence."
 {¶ 8} Fourth assignment of error: "The evidence is sufficient, as a matter of law, to prove `by clear and convincing evidence' that appellee `is likely to engage in the future in one or more sexually oriented offenses.'"
 III. {¶ 9} Because of the substantial interrelation between appellant's first two assignments of error, we shall address them together in the following section. The state argues that the trial court erred when it failed to make the required R.C. 2950.09(C)(2)(c)(ii) findings. The state further argues that the court erred because appellee was convicted in two or more cases of sexually oriented offenses, yet the court did not classify appellee as a habitual sex offender.
 {¶ 10} Under R.C. 2950.01(B), a "habitual sex offender" is defined as one who is convicted of or pleads guilty to a sexually oriented offense and "previously was convicted of or pleaded guilty to one or more sexually oriented offenses * * *."
 {¶ 11} Prior to January 1, 1997, R.C. 2950.01 provided: "(A) `Habitual sex offender' includes any person who is convicted two or more times, in separate criminal actions, for commission of any of the sex offenses set forth in division (B) of this section." In an effort to protect the public, the General Assembly repealed and re-enacted Ohio's sex offender registration statute. State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428, citing Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560 ("H.B. 180"). The General Assembly concluded that "sexual predators and habitual sex offenders pose a high risk of engaging in further offenses even after being released from imprisonment." Id., quoting R.C. 2950.02(A)(2). Thus, H.B. 180 imposed more stringent sex offender classification, registration, and notification provisions under R.C. 2950. Id.
 {¶ 12} R.C. 2950.09(C)(2)(c)(ii) states the following: "(ii) If the court determines that the offender is not a sexual predator but that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted or previously has been convicted of or pleaded guilty to a child-victim oriented offense, it shall include in the offender's institutional record its determination that the offender is not a sexual predator but is a habitual sex offender and the reason or reasons why it determined that the offender is not a sexual predator, shall attach the determinations and the reason or reasons to the offender's sentence, shall specify that the determinations were pursuant to division (C) of this section, shall provide a copy of the determinations and the reason or reasons to the offender, to the prosecuting attorney, and to the department of rehabilitation and correction, and may impose a requirement that the offender be subject to the community notification provisions contained in sections 2950.10 and 2950.11 of the Revised Code. In determining whether to impose the community notification requirements, the court, in the circumstances described in division (E)(2) of this section, shall apply the presumption specified in that division. The offender shall not be subject to those community notification provisions relative to the sexually oriented offense in question if the court does not so impose the requirement described in this division. If the court imposes that requirement, the offender may appeal the judge's determination that the offender is a habitual sex offender."
 {¶ 13} R.C. 2950.09(C)(2)(c) requires that if the trial court determines the offender is not a sexual predator, the court is to determine whether the offender previously has been convicted of or pled guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted. If a determination is made inthe affirmative, then the court must proceed to classify the offender asan habitual sex offender and follow the requirements of R.C.2950.09(C)(2)(c)(ii). (Emphasis added.) State v. Pumerano, Cuyahoga App. No. 85146, 2005-Ohio-2833.
 {¶ 14} Appellee argues that "all of his offenses were resolved on the same sentencing date * * * and the statute does not provide for habitual offender classification."[1] We disagree. In the case sub judice, appellee had been convicted of rape, in violation of R.C. 2907.02, in Case No. CR 028942, of rape in Case No. CR 029861, and of rape in Case No. CR 029937. Appellee's separate convictions for sexually oriented offenses in three separate cases make him, by definition, a habitual offender. Further, appellee is before the court in Case No. CR 029937, which was his second rape conviction, the first being his conviction in Case No. CR 028942. Thus, appellant had been convicted of a sexually oriented offense and had a prior conviction for a sexually oriented offense.
 {¶ 15} Therefore, classification as a habitual offender is mandatory, and pursuant to R.C. 2950.09(C)(2)(c), the court was required to make that finding. Based on the evidence in the record, we find the lower court's sexually oriented offender classification of appellee to be erroneous.
 {¶ 16} Accordingly, appellant's first and second assignments of error are sustained.
 "IV. {¶ 17} Because of the substantial interrelation of appellant's last two assignments of error, we shall address them together. Appellant argues that the trial court's decision that appellee is not a sexual predator is against the manifest weight of the evidence. Appellant further claims that the evidence is sufficient to support a finding that appellee is a sexual predator.
 {¶ 18} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). During a sexual predator hearing, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v. Eppinger, 91 Ohio St.3d 158, 164, quoting Crossv. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 19} When determinating whether an offender is a sexual predator, the court must consider the factors enumerated in R.C. 2950.09(B)(2):
"(a) The offender's age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 20} R.C. 2950.09(B)(2) does not mandate that each factor be satisfied. Instead, it simply requires the trial court to consider all the factors which are relevant to its determination. As the Ohio Supreme Court stated, a "judge must consider the guidelines set out in R.C.2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline." State v. Thompson,92 Ohio St.3d 584, 588.
 {¶ 21} Upon a thorough review of the record in this case, we find the trial court's decision was against the manifest weight of the evidence. Wilson's prior criminal record included three sex offenses as well as a criminal record which began over 30 years ago. The ages of the victims in the rape cases ranged from 18 to 40 years old. There were multiple victims, six victims over a period of five days, in the different cases. Moreover, there were additional R.C. 2950.09(B)(2) factors that were clearly established. For example, appellee displayed cruelty when he threatened to kill some of the victims, using a knife or a club. In addition, all of appellee's rapes were very violent; appellee repeated the same behavior in 1974, 1976 and 1977.
 {¶ 22} The court's psychological evaluation evidences that while appellee participated in rehabilitation programs, he took no sex offender treatment programs until he was released. Information from the sex offender treatment program indicated that while he admits to having sex with one of the victims, he minimizes it. He believes that what goes on between adults is not problematic. He also believes that he cannot be a sexual predator because he thinks it is wrong to have sex with children.
 {¶ 23} In addition, the 2003 evaluation Static-99 score places him in a group of those similarly situated as reoffending at a rate of 33 percent in five years, 38 percent in ten years and 40 percent in fifteen years, which is considered to be in the medium-to-high risk for reoffending. Other risk assessment in the 2003 evaluation shows that appellee has an antisocial personality disorder, fails to conform to social norms with respect to lawful behaviors, is irritable and aggressive, and lacks remorse for his crimes. The evaluation also evidences that appellee harbored sexual fantasies involving force or coercing others to submit to sexual activity.
 {¶ 24} In reviewing the record, we find the state established, by clear and convincing evidence, that Wilson is likely to engage in future sexually oriented offenses. Wilson had a prior criminal history and displayed cruelty in his attacks. Therefore, based upon the evidence in the record, we find the trial court's decision was against the manifest weight of the evidence. Moreover, we find that there is clear and convincing evidence in the record that appellee is likely to commit a sexually oriented offense in the future. Appellant's final two assignments of error are sustained.
 {¶ 25} The trial court's decision is reversed and remanded for a hearing consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR. JUDGE
Gallagher, J., concurs;
 Karpinski, J., Concurs in part and dissents in part. (see separateconcurring and dissenting opinion.)
[1] See appellee's brief, p. 3.
 CONCURRING AND DISSENTING OPINION