JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("State"), appeals from the trial court's ruling following the November 23, 2004 sexual predator hearing of defendant-appellee, Frederick Luckett ("defendant"). The State contends that the trial court erred by failing to consider and classify defendant as a habitual sexual predator. For the reasons that follow, we reverse and remand.
 {¶ 2} The trial court found, and the parties do not dispute, that "[i]n 1979, defendant was convicted of aggressively raping, on different occasions, three different women whom he did not know." (Ruling p. 1). The sexual predator hearing proceeded relative to defendant's rape convictions in Case Nos. CR-049473 and CR-050553. In Case No. CR-049473, defendant went to trial and was found guilty on October 30, 1979. The court imposed sentence on November 7, 1979. Also, on November 7, 1979, the court imposed sentence on defendant in Case No. CR-050553, following his no contest plea and adjudication of guilt.
 {¶ 3} Defendant was released from prison on April 1, 2001 and the classification hearing was held on November 23, 2004. The court found defendant was not a sexual predator for lack of clear and convincing evidence that defendant was likely to commit a sexually-oriented offense in the future. The court's ruling noted that defendant is "required to report his address to the County Sheriff until April 1, 2011." (Ruling p. 2). Otherwise, the court's ruling did not discuss defendant's other possible classifications under the statute, i.e., habitual sexual offender or sexually oriented offender.
 {¶ 4} The State now appeals, asserting a sole assignment of error for our review, which states:
 {¶ 5} "I. The trial court erred when it failed to address the issue of whether appellee is a habitual sexual offender as required by R.C. 2950.09(C)(2)."
 {¶ 6} Defendant asserts that under R.C. 2950.09 the State as the right to appeal only a sexual predator determination but no right to appeal issues concerning habitual sexual offender classifications. Thus, he urges us to dismiss this appeal. A similar argument was considered and rejected by this Court in State v. Pumerano, Cuyahoga App. No. 85146,2005-Ohio-2833, ¶¶ 7-10 (State has the right to appeal final determinations made during R.C. 2950.09 classification hearings which constitute special proceedings affecting substantial rights). Accordingly, the State has the right to appeal this issue.
 {¶ 7} The State contends the trial court committed error by failing to adhere to the statutory requirements of R.C. 2950.09(C)(2). We agree.
 {¶ 8} R.C. 2950.09(C)(2)(c)(ii) requires, in relevant part, that "if the court determines * * * the offender is not a sexual predator, it also shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense in relation to which the hearing is being conducted." If the offender is a "habitual sex offender," the trial court is required to carry out the mandates of R.C. 2950.09(C)(2)(c)(ii) and "may impose a requirement that the offender be subject to the community notification provisions contained in sections 2950.10 and 2950.11 of the Revised Code." Id.
 {¶ 9} A "`Habitual Sexual Offender' means, * * * a person to whom both of the following apply:
 {¶ 10} "(1) The person is convicted of or pleads guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense * * *.
 {¶ 11} "(2) One of the following applies to the person:
 {¶ 12} "(a) Regarding a person who is an offender, the person previously was convicted of or pleaded guilty to one or more sexually oriented offenses * * *."
 {¶ 13} According to the record, defendant was convicted of raping three women. The sexual predator hearing included two cases: one in which a jury found defendant guilty and another in which he was found guilty by the court following his no contest plea. Defendant was sentenced in both cases on the same day and, for that reason, he believes the habitual sex offender classification does not apply to him.
 {¶ 14} Defendant interprets "previously," as contained in R.C. 2950.01(B)(2)(a), to mean an offense committed prior to the offense that is the subject of the classification hearing. This Court, however, has interpreted the same language as "an offender who has committed a previous offense, prior to the classification hearing, should be classified as a habitual sex offender." Pumerano, 2005-Ohio-2833
at ¶ 20; followed by State v. Todd, Cuyahoga App. No. 85401, 2005-Ohio-4136, ¶ s 6-8. In Todd, this Court found a combined sentencing hearing on two cases did not nullify the applicability of the habitual sex offender classification. This Court reasoned that, where each offense involves different victims, are committed on different dates, and the cases are not merged or consolidated, each offense "serves as as a `previous offense' to the other conviction" where they were committed prior to the classification hearing. Id. at ¶ 7. Based on the foregoing authority, we find the trial court erred by failing to follow the requirements of R.C. 2950.09(C)(2)(c)(ii).
 {¶ 15} The State's sole assignment of error is sustained.
Judgment reversed and case remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Rocco, J., Concur.