JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from the lower court's ruling classifying appellee, Darryl Byrd, as a sexually oriented offender.
For the reasons that follow, we now sustain the state's sole assignment of error and reverse the decision of the trial court.
 {¶ 2} The Cuyahoga County Grand Jury indicted Byrd on two separate sexually oriented offense cases within a very brief period of time. On December 2, 1999, he was indicted in case number CR-384406, and on January 13, 2000, he was indicted in case number CR-385990. He was ultimately found guilty of two counts of rape and nine counts of felonious sexual penetration in case number CR-385990 and subsequently pleaded guilty to one count of rape in case number CR-384406. Prior to sentencing, the trial court held a classification hearing, pursuant to R.C. 2950.09, in case number CR-385990 and adjudicated Byrd a sexual predator. The trial court then sentenced him on both cases at the same hearing, ordering concurrent life sentences.
 {¶ 3} Byrd appealed his conviction, sentence, and sexual predator classification in a prior appeal before this court in which his conviction and sentence were affirmed (State v. Byrd, Cuyahoga App. No. 79661, 2002-Ohio-661). However, his sexual predator classification was reversed due to insufficient notice of the hearing, and the case was remanded for a new classification hearing to be held in compliance with the statutory requirements.
On January 6, 2005, a hearing was held pursuant to R.C. 2950.09. At the close of the hearing, the trial court held that the state failed to prove Byrd to be a sexual predator. The trial court further held that Byrd did not qualify as a "habitual sexual offender" stating:
 {¶ 4} "I note here under the definition of habitual sexual offender, it's a person who has been convicted of or pled guilty to a sexually oriented offense that is not a registration exempt offense and who has previously been convicted of one or more sexually oriented offenses.
 {¶ 5} "In this case the conviction at trial, and then the plea in the other case, although they did involve separate victims, were, as far as I could tell, events that happened within days of each other. The conviction on the trial was March 2nd, the plea on the other case was March 8th. And originally they had been indicted together. And I don't find that, as a matter of law, that they are separate in the sense that he would become a person who qualifies as possibly a habitual sexual offender." (Tr. at 54-55.)
 {¶ 6} Byrd was then classified as a sexually oriented offender. The state now appeals this classification asserting the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO CLASSIFY APPELLEE AS A HABITUAL SEXUAL OFFENDER."
 {¶ 8} Before addressing the substantive issue presented by the appellant in this case, this court reaffirms its holding that the state has the right to bring an appeal in these matters. In the first portion of appellee's argument, he contends the state does not have the right to appeal a trial court's refusal to classify a defendant as a habitual sexual offender. "A similar argument was considered and rejected by this court in State v. Pumerano, Cuyahoga App. No. 85146, 2005-Ohio-2833, pp. 7-10. (State has the right to appeal final determinations made during R.C. 2950.09 classification hearings which constitute special proceedings affecting substantial rights). Accordingly, the state has the right to appeal this issue." State v. Luckett, Cuyahoga App. No. 85677, 2005-Ohio-5199, p. 6.
 {¶ 9} Addressing the substantive issue on appeal here, the state argues that the trial court did in fact err by failing to classify appellant a "habitual sexual offender," pursuant to R.C. 2950.09(C)(2), which states in pertinent part:
 {¶ 10} "[The Court] shall determine whether the offender previously has been convicted of or pleaded guilty to a sexually oriented offense other than the offense in relation to which the hearing is being conducted."
 {¶ 11} If a determination is made in the affirmative, then the court must proceed to classify the offender as a habitual sex offender and follow the requirements of R.C. 2950.09(C)(2)(c)(ii). State v. Pumerano,
Cuyahoga App. No. 85146, 2005-Ohio-2833.
 {¶ 12} This court has recently determined that with the paramount governmental interest in protecting the public from repeat offenders, logic would dictate that an offender who has committed a previous offense, prior to the classification hearing, should be classified as a habitual sex offender. Id. This court has further clarified the appropriate application of a habitual sexual offender classification inState v. Todd, Cuyahoga App. No. 85401, 2005-Ohio-4136, where we found:
 {¶ 13} "In the instant case, the appellee was sentenced for both of his sexually oriented offenses at the same hearing, and a single classification hearing was held as to both crimes. The trial court determined that neither offense could be considered a `previous' offense for purposes of the classification statute because a single sentencing hearing was held for both convictions; however, these cases were never consolidated or merged. Each offense had its own victim and was committed on a different date. Each offense would therefore serve as a `previous offense' to the other conviction, and both crimes were committed prior to the classification hearing.
 {¶ 14} "Therefore, because appellee had a previous conviction of a sexually oriented offense, other than the subject offense, prior to the classification hearing, the trial court erred in failing to classify him as a habitual sexual offender and in failing to follow the requirements of R.C. 2950.09(C)(2)(c)(ii)." Id.
 {¶ 15} The same reasoning applies to the case at bar. Here, there are two separate cases that proceeded to two different resolutions; one resulted in a jury verdict, and one concluded with a guilty plea. There were also two different victims. Most importantly, both convictions were prior to the original classification hearing. Therefore, the lower court in this case erred by failing to classify Byrd as a habitual sexual offender, and the state's assignment of error is sustained. We, therefore, remand this matter in order for the trial court to make the appropriate classification in accordance with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CALABRESE, JR., J., CONCURS; McMONAGLE, J., CONCURS IN JUDGMENT ONLY.