JOURNAL ENTRY AND OPINION
{¶ 1} In these cases that originally were consolidated for sentencing purposes, defendant-appellant Louis Kandiko appeals from the trial court's re-classification of him pursuant to R.C.2950.09 as a "habitual sexual offender."
 {¶ 2} Kandiko argues in his three assignments of error that the trial court's re-classification, with the requirements attendant thereto, constitutes an abuse of discretion. He claims that because the only sexual offenses on his record are the ones to which the hearing related, the trial court lacked an adequate basis for its determination.
 {¶ 3} Upon a review of the record, this court disagrees. Consequently, the trial court's re-classification is affirmed.
 {¶ 4} Kandiko first was indicted in January 1993 in CR-292130. He was charged in that case with fifteen counts, viz., five counts of felonious sexual penetration, five counts of forcible rape, and five counts of gross sexual imposition. The offenses were alleged to have taken place from July 1, 1992 to December 4, 1992; all named the same five-year-old female victim.
 {¶ 5} While that case was pending, Kandiko additionally was indicted on August 26, 1993 in CR-300451. He was charged in that case with two counts of felonious sexual penetration, and two counts of gross sexual imposition; the latter two counts additionally each carried a violence specification. The incidents were alleged to have occurred from October 31, 1992 to May 12, 1993 upon a ten-year-old female victim. Kandiko's second case was assigned to the same trial court in which his first was pending.
 {¶ 6} Eventually, Kandiko's assigned counsel obtained a plea agreement from the state. By its terms, in CR-292130 the state dismissed twelve of the counts in exchange for Kandiko's guilty plea to three counts of gross sexual imposition, while in CR-300451, the state dismissed the first two counts and also dismissed the specifications in exchange for Kandiko's guilty plea to two counts of gross sexual imposition.
 {¶ 7} The trial court conducted a hearing before accepting Kandiko's guilty pleas in both cases. On January 13, 1994 the trial court sentenced him to consecutive terms of two years on each conviction. This court subsequently affirmed Kandiko's convictions. State v. Kandiko (Feb. 9, 1995), Cuyahoga App. Nos. 66888, 66889.
 {¶ 8} The record in CR-300451 reflects that in March 2000, the trial court conducted a sexual classification hearing;[1] thereafter, in a journal entry dated March 30, 2000, the court classified Kandiko as a sexual predator. No similar journal entry exists in CR-292130. Kandiko filed no appeal of this designation, delayed or otherwise.
 {¶ 9} After his release from prison, proceeding pro se, he filed on February 10, 2005 in both cases a motion for re-classification pursuant to R.C. 2950.09(D).[2] The trial court granted his motion and, further, permitted him the funds to engage an expert witness to testify on his behalf.
 {¶ 10} The hearing took place on August 16, 2005. After listening to the testimony of state's witness Michael Caso, Chief Social Worker for the court's Psychiatric Clinic, Kandiko, and Kandiko's expert, clinical psychologist Sharon McPherson, and after considering the documentary exhibits submitted by the parties, the trial court issued its order which "reclassified" Kandiko as a habitual sexual offender.
 {¶ 11} Kandiko filed a timely appeal of the trial court order; he presents the following three interrelated assignments of error for review.
 {¶ 12} "I. The trial court erred when it determined pursuant to O.R.C. 2950.09(C)(2)(c) the defendant-appellant an (sic) habitual sexual offender.
 {¶ 13} "II. The trial court erred when it determined pursuant to O.R.C. 2950.09(E)(2) that the defendant-appellant be subject to the imposition of community notification provisions of O.R.C.2950.10 and O.R.C. 2950.11.
 {¶ 14} "III. The trial court abused its discretion when it found the defendant-appellant an (sic) habitual sexual offender subject to community notification."
 {¶ 15} Kandiko's argument in these assignments of error may be summarized in one sentence. He contends that because the sexual re-classification hearing pertained to cases that were consolidated in the trial court originally for purposes of both entering guilty pleas and sentencing, the trial court could not properly find that he "previously" had been convicted of a "sexually oriented offense other than the offense in relation to which the hearing [was] being conducted," as required by R.C.2950.09(C), and, therefore, his re-classification, with its correlative consequences, must be vacated. Kandiko's argument fails for two reasons.
 {¶ 16} First, the record reflects the court granted him precisely the relief he requested. In his motion for a hearing, he states at paragraph four that during the original classification proceeding, the court "had no evidence to consider as to why [he] should not be classified as a sexually oriented offender." As relief, he asked the court to "grant a hearing on motion for re-classification from sexual predator to sexually oriented offender for good cause shown."
 {¶ 17} The trial court not only granted him a hearing, but appointed an expert. McPherson testified that she had been assigned by Kandiko to assess "whether he [should] be maintained as a sexual predator or found to be better categorized as a sexually oriented offender." She expressed just such an opinion to the court.
 {¶ 18} Second, this court has held that when a defendant has been indicted in more than one case, for separate sexual offenses committed on different dates upon different victims, one case necessarily occurred previously to the other for purposes of R.C.2950.09(C). State v. Todd, Cuyahoga App. No. 85401,2005-Ohio-4136, citing State v. Pumerano, Cuyahoga App. No. 85146, 2005-Ohio-2833.
 {¶ 19} The record reflects Kandiko admitted his guilt for committing gross sexual imposition upon a ten-year-old girl in CR-300451. He admitted previously having committed the same offense upon a five-year-old girl in CR-292130. Moreover, the original sexual offender classification was made in only the former case.
 {¶ 20} Under all these circumstances, therefore, the trial court did not abuse its discretion in classifying Kandiko as a habitual sexual offender.
 {¶ 21} Kandiko's assignments of error, accordingly, are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and McMonagle, J. concur.
[1] Apparently, Kandiko received no personal notice of this proceeding. He claims, despite the language of the journal entry, no hearing was conducted; moreover, no transcript seems to exist. Kandiko, however, does not present any argument in this appeal as to any deficiency in the first proceeding. Instead, he chose simply to seek re-classification by hearing. Having sought and obtained re-classification, any error that occurred as to the original finding is thus moot.
[2] The statute formerly permitted a defendant after a period of years to request of the trial court a review of the classification.