JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kevin Tenbrook ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court's judgment, vacate his sentence, and remand to the lower court for resentencing.
 I. {¶ 2} This appeal concerns the community notification of a habitual sexual offender and his sentence. According to the case and the facts, on April 19, 2005, appellant was indicted on seven counts. Count one charged appellant with sexual battery, R.C.2907.03(A)(1). Counts two and five charged appellant with kidnaping, R.C. 2905.01. Counts three, six and seven charged appellant with gross sexual imposition, R.C. 2907.05. Count four charged appellant with rape, R.C. 2907.02.
 {¶ 3} Appellant pled guilty to count one, a felony of the third degree and count seven, a felony of the fourth degree. The victims were his two daughters, aged seven and ten at the time of the offenses. On December 21, 2005, the court determined that based upon the stipulation between appellant and the State of Ohio, appellant is classified as a habitual sexual offender as defined by R.C. 2950.01(B).[1] The court went on to state that the stipulation between the parties and the court would be subject to community notification pursuant to the court's determination.[2] The court then determined that appellant would be required to comply with community notification provisions, as set out in R.C. 2950.10 and 2950.11.
 {¶ 4} Appellant was sentenced to a prison term of four years for sexual battery and eleven months for gross sexual imposition. The sentences were to be served concurrently. On January 23, 2006, appellant filed this notice of appeal.
 II. {¶ 5} Appellant's first assignment of error states the following: "Mr. Tenbrook was denied due process of law when the trial court decided this case under the misapprehension that community notification should be a part of every habitual sexual offender classification."
 {¶ 6} Appellant's second assignment of error states the following: "The decision to impose community notification was against the manifest weight of the evidence."
 {¶ 7} Appellant's third assignment of error states the following: "The trial court erroneously imposed a sentence that exceeded the minimum and concurrent terms of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme."
 III. {¶ 8} Appellant argues in his first assignment of error that he was denied due process of law when the lower court decided this case under the misapprehension that community notification should be a part of every habitual sexual offender classification.
 {¶ 9} After an offender is classified as a habitual sexual offender, the court must make the determination whether or not to impose the community notification requirement. When the victims of a sexually oriented offense are under 18 years old, there is a presumption that community notification is necessary to comply with the determinations, findings, and declarations of the General Assembly regarding sex offenders. See R.C. 2950.09(E)(2). In the case at bar, the victims were the sex offender's two young daughters. Therefore, according to the statute, there is a presumption for community notification in this instance.
 {¶ 10} Appellant argues that the lower court did not adequately analyze the facts prior to making its community notification determination. However, appellant's interpretation of the trial judge's comments is inaccurate. The record demonstrates that the lower court performed a full analysis of the factors involved before it suggested community notification was required. The lower court made its determination because of the nature of the crime, the ages of the victims, and the presence of multiple victims. These findings were more than sufficient to support the trial court's determination.
 {¶ 11} Appellant argues in his second assignment of error that the decision to impose community notification was against the manifest weight of the evidence.
 {¶ 12} As to a claim that a judgment is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983),20 Ohio App.3d 172, 20 Ohio B. 215, 485 N.E.2d 717. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 13} Appellant argues that because the victims were his daughters, community notification is inappropriate. The argument that the public does not deserve notification of the presence of a habitual sexual offender because the victims were the offender's daughters is inconsistent with the stated purpose of community notification.
 {¶ 14} Appellant states that community notification is "geared toward protecting the public from strangers in the neighborhood."[3] Appellant argues that because his victims were not strangers, but rather his daughters, the general purpose of the R.C. 2950.02 community notification requirement does not apply in this situation. He concludes that because there is no history of sexually oriented offenses with strangers, the community notification determination was against the manifest weight of the evidence.
 {¶ 15} According to the notes that accompany R.C. 2950.02, the legislative purpose behind community notification is "to promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems. The legislative intent is remedial, not punitive: State v. Cook (1998),83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570." Besides the fact that the classification "stranger" does not appear anywhere in R.C.2950.02, under appellant's logic, community notification would be improper when an offender sexually assaults anyone known to him. We do not accept this interpretation of R.C. 2950.02.
 {¶ 16} Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 17} Appellant argues in his third assignment of error that the trial court erroneously imposed a sentence that exceeded the minimum and concurrent terms of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme.
 {¶ 18} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Ohio Supreme Court found that several provisions of S.B. 2 violate Blakely.[4] Specifically, the court held:
"Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at p. 82 (citing United States v. Booker
(2005), 543 U.S. 220, 224, 125 S.Ct. 738, 160 L.Ed. 2d 621).
 {¶ 19} The Foster court severed R.C. 2929.14(B),2929.19(B)(2) and 2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at p. 90.
 {¶ 20} Accordingly, appellant's third assignment of error is sustained.
 {¶ 21} We affirm the lower court's judgment, vacate appellant's sentence and remand for a new sentencing hearing.
It is ordered that appellee and appellant share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Nahra, J.*, concur.
(*Sitting by assignment: Judge Joseph J. Nahra, retired, of the Eighth District Court of Appeals)
[1] Tr. 18-19.
[2] Tr. 21.
[3] See appellant's brief, p. 6.
[4] Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403.